UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SHEPARD,<br><br>        Plaintiff,<br><br>    v.<br><br>J. KELSO, *et al.*,<br><br>        Defendants. | Case No.  2:20-cv-01445-KJM-JDP (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S EIGHTH AMENDMENT CLAIMS AGAINST DEFENDANTS MOHYUDDIN, MALAKKLA, AND ADAMS PROCEED. ALL OTHER CLAIMS AND DEFENDANTS SHOULD BE DISMISSED.<br><br>FOURTEEN-DAY DEADLINE TO FILE OBJECTIONS<br><br>ECF No. 12 |

Plaintiff Michael Shepard is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's initial complaint was dismissed with leave to amend. ECF No. 8. Plaintiff has now filed an amended complaint alleging that defendants Mohyuddin, Malakkla, and Adams were deliberately indifferent to his serious medical needs while he was incarcerated at the California Health Care Facility ("CHCF"). ECF No. 12. He also alleges that, after being transferred to Salinas Valley State Prison ("SVSP"), two Doe defendants and defendant Omosaiye were deliberately indifferent to his serious medical needs. *Id.* at 11-14. And he alleges that defendant Kelso, the prison receiver, failed to supervise the other defendants

1

adequately. *Id.* at 15.  Plaintiff's claims against Mohyuddin, Malakkla, and Adams are cognizable, and I recommend that they proceed.  I recommend that the other defendants be dismissed.

## Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Analysis

Plaintiff alleges that, in 2018 and while incarcerated at CHCF, defendants Mohyuddin, Malakkla, and Adams failed to provide constitutionally adequate care for plaintiff's neuropathy and damaged cornea. ECF No. 12 at 7-11. These claims should proceed past screening.[1]

Plaintiff also claims that, after he was sent from CHFC to SVSP, he received constitutionally inadequate care from a different set of defendants—Does # 1 and # 2 and Omosaiye. *Id.* at 11-14. Although both these and the preceding claims concern plaintiff's medical care, he does not otherwise allege that they are related. Plaintiff's claims against the Doe defendants relate primarily to pain medication and an eye infection that he developed after the prison transfer. *Id.* at 11-12. Unrelated claims against multiple defendants belong in different suits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but . . . [u]nrelated claims against different defendants belong in different suits . . . ."). Separation of these claims seems especially appropriate here because SVSP is in another judicial district—the Northern District of California. The claims should be dismissed without prejudice so that plaintiff may bring them in that venue. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

Finally, plaintiff alleges that defendant Kelso, the prison receiver, "appears to not be providing sufficient oversight . . . ." ECF No. 12 at 15. He provides no details as to what Kelso knew or should have known with respect to his medical care. Neither does he allege that he ever had any interaction with Kelso. To state a deliberate indifference claim against a supervisor, a plaintiff must allege that "there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). Plaintiff's conclusory allegation against Kelso is insufficient to meet either prong. Accordingly, I recommend that defendant Kelso be dismissed.

Accordingly, it is recommended that:

---

[1] Plaintiff also makes references to inadequate mental health care. ECF No. 12 at 11. He does not allege that any of the named defendants was responsible for that inadequacy, however.

1. Plaintiff be allowed to proceed with his Eighth Amendment claims for deliberate indifference based on failure to treat his neuropathy and damaged cornea against defendants Mohyuddin, Malakkla, and Adams.

2. All other claims in the complaint be dismissed without prejudice for the reasons stated above.

3. If these recommendations are adopted, the matter be referred back to me so that service may be initiated for defendants Mohyuddin, Malakkla, and Adams.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   January 11, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE