UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SHEPARD, | Case No.  2:20-cv-01445-KJM-JDP (PC) |
| Plaintiff, | |
| v. | ORDER |
| J. KELSO, *et al.*, | |
| Defendants. | |

Plaintiff, a state prisoner proceeding with counsel in this action under 42 U.S.C. § 1983, alleges that defendants Mohyuddin, Malakkla, and Adams violated his Eighth Amendment rights. The court appointed Chijioke Ikonte to represent plaintiff for the limited purpose of representing him during discovery and pretrial motion practice.  ECF No. 19.  The order appointing Mr. Ikonte stated that his representation would "terminate when the order ruling on any dispositive motions has been filed or upon the expiration of any deadline for filing a dispositive motion if none are filed." *Id.* at 1.

On August 19, 2022, defendants filed a motion for summary judgment.  ECF No. 34. When plaintiff did not timely file an opposition or statement of non-opposition, I ordered plaintiff to show cause why this case should not be dismissed for failure to prosecute and failure to comply with the court's local rules.  ECF No. 36.  Plaintiff—not his attorney—personally responded to

1

1  the order, stating that he had been unaware of his attorney's lack of response to defendants'
2  motion. ECF No. 38. For his part, Mr. Ikonte failed to timely respond to the order to show cause.

3  More than a month after the order to show cause, Mr. Ikonte sought a ninety-day
4  extension to file a response. ECF No. 39. He argued that the extension was warranted because he
5  had failed to calendar the opposition due date and had been distracted by an ongoing trial. *Id.* at
6  3-4. He sought a longer-than-typical extension, noting that he had a pre-planned trip and citing
7  the holiday season. *Id.* at 4. I granted that motion and ordered plaintiff to file an opposition no
8  later than February 27, 2023. ECF No. 41. I subsequently approved the parties' stipulation to
9  extend that deadline further, to April 14, 2023. ECF No. 43.

10  Notwithstanding these extensions, Mr. Ikonte again failed to timely file an opposition or
11  statement of non-opposition by the revised deadline. I ordered Mr. Ikonte to appear before me on
12  May 18, 2023, to show cause why this action should not be dismissed for failure to prosecute and
13  for failure to comply with the court's local rules. ECF No. 45. At the hearing, Mr. Ikonte stated
14  that he mixed up the opposition due date with another case and represented that he would file his
15  opposition within two weeks. I allowed Mr. Ikonte two additional weeks to submit an
16  opposition.[1] I also warned Mr. Ikonte that I take deadlines seriously, and stated that while I
17  appreciate his assistance as pro bono counsel, I may take disciplinary action, such as imposing
18  sanctions, should he again fail to file an opposition. That admonishment apparently went
19  unheeded; to date, Mr. Ikonte has not filed a response to defendants' motion for summary
20  judgment.

21  "The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is
22  to secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To
23  effectuate this purpose, the Rules provide for sanctions against parties that fail to comply with
24  court orders or that unnecessarily multiply the proceedings. *See* Fed. R. Civ. P. 16(f); Fed. R.
25  Civ. P. 37(b). Rule 16(f) authorizes the court to issue any just order if a party or attorney fails to
26  obey a scheduling or other pretrial order.

---

[1] I informed Mr. Ikonte that I was unwilling to state that his delay was acceptable, but that I would accept his filing if made within that timeframe.

Moreover, the court's local rules provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110.  Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." E.D. Cal. L.R. 184(a).  "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." *Id.*

Mr. Ikonte has repeatedly failed to comply with court orders.  Given the explicit warnings that sanctions may be imposed, I find that monetary sanctions are appropriate.  Accordingly, Mr. Ikonte—not his client—is sanctioned in the amount of $300, which he shall pay to the Clerk of Court.[2]  However, given that Mr. Ikonte has agreed to represent plaintiff pro bono, I will afford him an opportunity to avoid paying this sanction by filing an opposition on behalf of his client.  Accordingly, Mr. Ikonte will be allowed until 5:00 p.m. on June 21, 2023, to file an opposition to defendants' motion for summary.  If he does not file an opposition by that deadline, the $300 sanction will be due by June 28, 2023, without further court order.  Mr. Ikonte is further admonished that, should he fail to file an opposition, additional sanctions may be imposed, which may include daily monetary sanctions or a recommendation that he be held in civil contempt.

Accordingly, it is hereby ORDERED that:

1. Mr. Ikonte is sanctioned in the amount of $300 for his failure to comply with court orders.

2. He shall pay this amount to the Clerk of Court by June 28, 2023.

3. By 5:00 p.m. on June 21, 2023, Mr. Ikonte shall file an opposition to defendants' motion for summary judgment.

---

[2] This sanction is personal to Mr. Ikonte and may not be passed along to plaintiff.

4. No extensions of this deadline will granted.

5. If Mr. Ikonte files an opposition by 5:00 p.m. on June 21, 2023, I will vacate my order imposing the $300 sanction.

6. Failure to comply with this order will result in the imposition of additional sanctions.

IT IS SO ORDERED.

Dated:    June 13, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE