UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SHEPARD, | Case No.  2:20-cv-01445-KJM-JDP (PC) |
| Plaintiff, | |
| v. | ORDER |
| KELSO, *et al.*, | |
| Defendants. | |

Plaintiff is a state prisoner proceeding with appointed counsel in this civil rights action brought under 42 U.S.C. § 1983.  He alleges that defendants Mohyuddin, Malakkla, and Adams violated his Eighth Amendment rights.  ECF No. 12.  Shortly after I authorized service of the complaint on defendants, Judge Mueller appointed Mr. Chijioke Ikonte to represent plaintiff.  ECF No. 19.  Judge Mueller's order stated in part that Mr. Ikonte's representation would "terminate when the order ruling on any dispositive motions has been filed or upon the expiration of any deadline for filing a dispositive motion if none are filed."  *Id.* at 1.

After the parties failed to reach a settlement during their participation in the court's Alternative Dispute Resolution program, I issued a scheduling order setting May 27, 2022, as the deadline for completing all discovery, and I directed the parties to file dispositive motions by August 26, 2022.  ECF No. 33.  Neither party moved to modify those deadlines.

On August 19, 2022, defendants filed a motion for summary judgment.  ECF No. 34. When plaintiff did not file a timely opposition or statement of non-opposition, I issued an order to show cause why this case should not be dismissed for failure to prosecute and failure to comply with the court's local rules.  ECF No. 36.  Without the assistance of his counsel, plaintiff himself responded to the order to show cause, stating that he had been unaware of his attorney's lack of response to defendants' motion.  ECF No. 38.  Plaintiff's counsel never filed a response to the order to show cause.

Roughly a month and a half after I issued the order to show cause, plaintiff's attorney moved for a ninety-day extension to file a response to defendants' motion, ECF No. 39, which I granted, ECF No. 41.  Mr. Ikonte cited the following as reasons for missing the deadline: that he had mis-calendared the opposition due date, that he was preparing for trial in another matter, that he had a pre-planned trip, and the holiday season.  ECF No. 39 at 3-4.  The parties then filed a joint motion to extend the opposition deadline an additional forty-six days, ECF No. 42, which I granted, ECF No. 43.  My order set April 14, 2023, as the deadline for plaintiff for file an opposition or statement of non-opposition.  *See* ECF No. 43.

Mr. Ikonte again failed to timely file an opposition or statement of non-opposition.  I ordered him to appear before me on May 18, 2023, to show cause why this action should not be dismissed for failure to prosecute and failure to comply with the court's local rules.  ECF No. 45. At the hearing, Mr. Ikonte stated that he had mixed up the opposition due date with a deadline in another case and represented that he would file his opposition within two weeks—by June 1.  Mr. Ikonte did not file an opposition by that date.

On June 14, I ordered Mr. Ikonte to file an opposition by June 21 at 5:00 p.m.; I explained that, should he fail to do so, I would impose a $300 sanction.[1]  ECF No. 48.  I also warned him that additional sanctions may follow, such as daily monetary sanctions or a recommendation that he be held in civil contempt.  Finally, I ordered that no further extensions of time would be granted.

---

[1] Considering the recent developments described below, the Clerk of Court is directed not impose the $300 sanction.

2

On June 21, Mr. Ikonte filed two motions: a motion to withdraw as counsel and motion for an extension of time to file an opposition. ECF Nos. 49 & 50. Mr. Ikonte states that he seeks to withdraw as counsel because his continued representation would constitute a violation of California Rules of Professional Conduct 3-700(B) & (C). ECF No. 49 at 3. He states that there are disagreements between himself and plaintiff "on the way forward with the litigation," and that plaintiff's conduct has made his continued representation "unreasonabl[y] difficult." *Id.* Mr. Ikonte also notes that he has had difficulty communicating with plaintiff, because plaintiff has been in segregated housing. *Id.* at 5. However, he states that he was able to speak with plaintiff on June 19 and that, during that discussion, plaintiff consented to counsel's withdrawal. *Id.*

Given the unsual procedural history of this case and the timing of the motion to withdraw as counsel, Mr. Ikonte and plaintiff are ordered to appear together before the court via Zoom on August 10, 2023, at 10:00 a.m., for a hearing on the motion.

Accordingly, it is hereby ORDERED that:

1. Mr. Ikonte and plaintiff are ordered to appear before the court via Zoom on August 10, 2023, at 10:00 a.m., for a hearing on the motion to withdraw as counsel.

2. Plaintiff's motion for an extension of time, ECF No. 50, is denied.

3. Defendants' motion for summary judgment, ECF No. 34, is denied without prejudice to refiling upon resolution of the motion to withdraw counsel. Once defendants' motion is refiled, an opposition and reply will be due pursuant to the Local Rules.

IT IS SO ORDERED.

Dated:   June 23, 2023

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE