UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SHEPARD, | Case No. 2:20-cv-01445-KJM-JDP (PC) |
| Plaintiff, | |
| v. | ORDER |
| KELSO, *et al.*, | |
| Defendants. | |

Pro se prisoner plaintiffs face unique litigation challenges. *Woods v. Carey*, 684 F.3d 934, 938 (9th Cir. 2012) (recognizing that pro se prisoner litigants face "unique handicaps of incarceration" (quoting *Rand v. Rowland*, 154 F.3d 952, 958 (9th Cir. 1998) (en banc))). Those challenges can be alleviated to some degree with the appointment of counsel, but obtaining counsel is rare. *Mejia-Perez v. Ryan*, No. CV-12-2040-PHX-SRBFJ, 2013 WL 1398970, at *5 (D. Ariz. Feb. 25, 2013) ("A prisoner's 'proceeding *pro se* is not a 'rare and exceptional' circumstance. . . ."). In this case, plaintiff was afforded that rare opportunity: Chief Judge Mueller appointed Mr. Chijioke Ikonte to represent plaintiff. ECF No. 19. But that appointment and Mr. Ikonte's successive representation was, for lack of a better word, ineffective. Delays by Mr. Ikonte have stalled this litigation for over a year. Now, after defendants' motion for summary judgment has sat for year unopposed, Mr. Ikonte seeks to withdraw. Since withdrawal

1 is permissive and since, in this unusual case, withdrawal will likely afford plaintiff the ability to
2 advance his case at reasonable pace, I will grant Mr. Ikonte's motion.

**Background**

The history of this case is well documented on the docket, but a brief summary follows. After Mr. Ikonte's appointment in 2021, he participated in one unsuccessful settlement conference before defendants moved for summary judgment in August 2022. ECF No. 34. When plaintiff did not file a timely opposition or statement of non-opposition, I issued an order to show cause why this case should not be dismissed for failure to prosecute and failure to comply with the court's local rules. ECF No. 36. Without assistance from his counsel, plaintiff himself responded to the order to show cause, stating that he had been unaware of his attorney's lack of response to defendants' motion. ECF No. 38. Mr. Ikonte never filed a response to the order to show cause.

Roughly a month and a half after I issued the order to show cause, plaintiff's attorney moved for a ninety-day extension to file a response to defendants' motion, ECF No. 39, which I granted, ECF No. 41. The parties then filed a joint motion to extend the opposition deadline an additional forty-six days, ECF No. 42, which I granted, ECF No. 43. My order set April 14, 2023, as the deadline for plaintiff for file an opposition or statement of non-opposition. *See* ECF No. 43.

Mr. Ikonte again failed to timely file an opposition or statement of non-opposition. I ordered him to appear before me on May 18, 2023, to show cause why this action should not be dismissed for failure to prosecute and failure to comply with the court's local rules. ECF No. 45. At the hearing, Mr. Ikonte stated that he had mixed up the opposition due date with a deadline in another case and represented that he would file his opposition by June 1. Mr. Ikonte did not do so.

On June 14, I ordered Mr. Ikonte to file an opposition by June 21 at 5:00 p.m.; I explained that, should he fail to do so, I would impose a monetary sanction. ECF No. 48. I also warned him that additional sanctions may follow, such as daily monetary sanctions or a recommendation

1   that he be held in civil contempt.  Finally, I ordered that no further extensions of time would be
2   granted.
3       On June 21, Mr. Ikonte filed two motions: a motion to withdraw as counsel and motion
4   for an extension of time to file an opposition.[1]  ECF Nos. 49 & 50.  Mr. Ikonte states that he seeks
5   to withdraw as counsel because his continued representation would constitute a violation of
6   California Rules of Professional Conduct 3-700(B) & (C).  ECF No. 49 at 3.  He argues that he
7   and plaintiff disagree "on the way forward with the litigation," and that plaintiff's conduct has
8   made his continued representation "unreasonabl[y] difficult."  *Id.*  Mr. Ikonte notes that he has
9   had difficulty communicating with plaintiff, but that, on June 19, they spoke, and plaintiff
10  consented to his withdrawal.  *Id.* at 5.
11      I ordered Mr. Ikonte and plaintiff to appear on August 10, 2023, for a hearing on Mr.
12  Ikonte's motion.  I denied defendants' motion for summary judgment without prejudice to the
13  refiling upon resolution of Mr. Ikonte's motion.  ECF No. 51.
14      At the hearing, I asked plaintiff whether he consented to Mr. Ikonte's withdrawal, to
15  which he responded that he was "perfectly fine with it."  Plaintiff stated that he understood that if
16  Mr. Ikonte withdrew from this case, he would be unrepresented.  Mr. Ikonte indicated that
17  plaintiff did not possess discovery, so I ordered Mr. Ikonte to provide all discovery and expert
18  reports to plaintiff and to file a declaration by August 24 attesting to such.  I also discussed with
19  plaintiff his motion for the appointment of counsel.  *See* ECF No. 55.  I informed him that it was
20  unlikely that he would be appointed another attorney and reminded him that he does not have the
21  right to an attorney in this type of proceeding.
22      Mr. Ikonte filled an unsigned declaration on August 24.  ECF No. 57.  I ordered that the
23  declaration be disregarded and ordered him to refile a signed declaration.  ECF No. 58.  The
24  resulting signed declaration, filed August 28, attests that Mr. Ikonte turned over all discovery and
25  expert reports to plaintiff.  ECF No. 59.
26      On September 18, 2023, plaintiff filed a motion stating that he had not received the expert
27
28      [1] I previously denied the motion for an extension of time.  ECF No. 51.

1  report Mr. Ikonte had commissioned for this case. ECF No. 60. While Mr. Ikonte filed a
2  declaration on August 28, 2023, attesting to having served on plaintiff all discovery, including the
3  expert's report, *see* ECF No. 59, out of an abundance of caution, I ordered Mr. Ikonte to file a
4  response to plaintiff's motion. ECF No. 61. Mr. Ikonte filed another declaration attesting to re-
5  servicing all discovery on plaintiff. ECF No. 62. Specifically, he attests to mailing the expert
6  report to plaintiff on May 24, 2023, June 8, 2023, August 23, 2023, and October 3, 2023.[2] *Id.*
7  The court accepts Mr. Ikonte's representation and will deny plaintiff's motion.

**Legal Standard**

Pursuant to the court's local rules, "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall form to the requirements of those Rules." E.D. Cal. L.R. 182(d). If withdrawal would leave a client without counsel, an attorney must file a formal motion and provide the client and all other parties with notice of the motion to withdrawal. *Id*. The attorney must also submit an affidavit providing the current or last known address of the client and describing the efforts made to notify the client of the motion to withdraw. *Id.*

The decision to grant or deny counsel's motion to withdraw is committed to the district court's discretion. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). "When ruling on motions to withdraw, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Bernstein v. City of Los Angeles*, No. CV 19-03349 PA (GJSx), 2020 WL 4288443, at *1 (C.D. Cal. Feb. 25, 2020) (internal quotation marks and citations omitted).

Here, good cause warrants Mr. Ikonte's withdrawal as counsel. Plaintiff consents to the withdrawal, and Mr. Ikonte argues that his continued representation would violate the California Rules of Professional Conduct. California Rules of Professional Conduct permits an attorney to

---

[2] The declaration states that Mr. Ikonte mailed the expert report on September 3, 2023, in response to the court's September 26, 2023 order, but the court understands Mr. Ikonte to have intended the date to be October 3.

4

seek leave to withdraw where a client "knowingly[] and freely assents to termination of" counsel's appointment. Cal. R. of Prof. Conduct 1.16(b)(6); *see Bhasin v. Pathak*, No. EDCV 13-00293-VAP (OPx), 2013 WL 12143939, at *1 (C.D. Cal. Oct. 23, 2013) (granting counsel's motion to withdraw because the client "wish[ed] to proceed *pro se* and consents to Counsel's withdrawal").

Mr. Ikonte further attests that he filed this motion in compliance with the local rules. ECF No. 49 at 6. Nothing in the record indicates that allowing Mr. Ikonte to withdraw will harm the administration of justice, result in further delay of this case, or significantly prejudice either party. Accordingly, Mr. Ikonte's motion to withdraw as counsel is granted.

**Status Report**

Given that trajectory of this case, I will order both parties to submit separate status reports within thirty days of this order's issuance. Both parties should inform the court if additional discovery is required, and, if so, how much time is anticipated for the completion of discovery. The parties should also indicate if they are willing to participate in a further settlement conference. After the court has reviewed the status reports, I will either modify the scheduling order or set this matter for a settlement conference.

Accordingly, it is hereby ORDERED that:

1. Mr. Ikonte's motion to withdrawal as counsel, ECF No. 49, is granted.

2. Plaintiff's motion for discovery, ECF No. 60, is denied.

3. Both parties are directed to file status reports consistent with this order within thirty days of this order's issuance.

IT IS SO ORDERED.

Dated:   October 7, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5