UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SHEPARD, | No. 2:20-cv-01445-KJM-JDP (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL AND STAY THE CASE |
| v. | |
| KELSO, *et al.*, | ECF No. 55 |
| Defendants. | |

Plaintiff is a state inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff moves for the appointment of counsel and to stay this matter. ECF No. 55.

Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). The court can request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. But without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the

1

1   legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

2   The court, on its own motion, appointed counsel for plaintiff in April 2021. ECF No. 14.
3   With plaintiff's consent, I granted plaintiff's appointed counsel's motion to withdraw from
4   representing plaintiff. ECF No. 63. Plaintiff now seeks the appointment of a new attorney or to
5   stay the case. ECF No. 55.

6   Plaintiff argues that he should be appointed counsel because he was previously unable to
7   access the law library when he was housed in administrative segregation, and because he is not
8   mentally stable. ECF No. 55 at 3. Plaintiff acknowledges that he is no longer housed in
9   administrative segregation and that he was transferred to a different prison. *Id.* If plaintiff is
10  unable to access the prison library in the future, he may seek assistance from the court. His other
11  argument—that he is mentally impaired—does not warrant the appointment of counsel at this
12  time. *See Thompson v. Paramo*, No. 16cv951-MMA (BGS), 2018 WL 4357993, at *1 (S.D. Cal.
13  Sept. 13, 2018); *Jones v. Kuppinger*, 2:13-cv-451-WBS (AC), 2015 WL 5522290, at *3-4 (E.D.
14  Cal. Sept. 17, 2015) ("Circumstances common to most prisoners, such as a deficient general
15  education, lack of knowledge of the law, mental illness and disability, do not in themselves
16  establish exceptional circumstances warranting appointment of voluntary civil counsel."). The
17  allegations in the complaint are not exceptionally complicated, and plaintiff has not demonstrated
18  that he is likely to succeed on the merits.

19  On October 10, 2023, the court directed both parties to file status reports indicating
20  whether any party wished to conduct additional discovery. ECF No. 63. Plaintiff responded that
21  he needed an additional ninety days to conduct discovery. ECF No. 65. On November 27, 2023,
22  the court modified the discovery and scheduling order to allow plaintiff the time he requested.
23  ECF No. 66. Therefore, plaintiff's motion to stay the case is denied.

24  Accordingly, it is hereby ORDERED that plaintiff's motion for the appointment of
25  counsel and to stay the case, ECF No. 55, is denied.

26
27
28

2

IT IS SO ORDERED.

Dated:   November 28, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE