UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SHEPARD,<br><br>    Plaintiff,<br><br>  v.<br><br>KELSO, *et al.*,<br><br>    Defendants. | Case No.  2:20-cv-01445-KJM-JDP (PC)<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT THIS ACTION BE DISMISSED WITH PREJUDICE AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE DENIED AS MOOT<br><br>ECF No. 68<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff, a state inmate proceeding pro se, brought this civil rights complaint against defendants Mohyuddin, Malakkla, and Adams for failing to treat his neuropathy and damaged cornea. After defendants filed a renewed motion for summary judgment, ECF No. 68, plaintiff moved to voluntarily dismiss this action, ECF No. 69. There, plaintiff explained that he is "no longer interested in litigating this case" and that he is not going to "oppose defendants request" for summary judgment. *Id.* at 1.

In light of plaintiff's request, I directed defendants to file a notice indicating whether they would stipulate to dismissal of this action. *See* Fed. R. Civ. P. 41(a)(1)(A); ECF No. 70. Defendants agreed to the dismissal, but only if it was with prejudice. ECF No. 71. Defendants argue that this action should be dismissed with prejudice so that they are not subjected to

1

defending themselves in a new action against the same claims by plaintiff. *Id.* Defendants explain that the allegations are over six years old, they have actively litigated this action for the past three years, and they have spent over $40,000 defending against this case. *Id*. at 2.

Given defendants' objection, I ordered plaintiff to file a notice within fourteen days as to whether he would stipulate to dismissal with prejudice. ECF No. 72. I explained to him that in the event he refused to stipulate, I may still grant his request for dismissal, and dismiss the action "on terms that the court considers proper." Fed. R. Civ. 41(a)(2). Plaintiff has not responded.

Rule 41(a)(2) of the Federal Rules of Civil Procedure states that: "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The phrase "terms that the court considers proper" provides district courts the discretion to dismiss with or without prejudice. *See Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002) ("Rule 41 vests the district court with discretion to dismiss an action at the plaintiff's instance 'upon such terms and conditions as the court deems proper.' That broad grant of discretion does not contain a preference for one kind of dismissal or another."). A motion for voluntary dismissal pursuant to Rule 41(a)(2) should be granted unless a defendant can show that it will suffer some plain legal prejudice as a result of the dismissal. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001); *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996) (finding that legal prejudice is prejudice to some legal interest, some legal claim, or some legal argument).

Courts consider the following factors in determining whether dismissal should be with or without prejudice: "(1) the defendant's effort and expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; and (3) insufficient explanation of the need to dismiss." *Fraley v. Facebook, Inc.*, 2012 WL 893152, at *3 (N.D. Cal. Mar. 13, 2012) (quoting *Burnette v. Godshall*, 828 F.Supp. 1439, 1443-44 (N.D. Cal. 1993) (quoting *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987)). Dismissal with prejudice may be appropriate where "it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action." *Burnett*, 828 F. Supp. at 1443; *Williams v. Peralta Cnty. Coll. Dist.*, 227 F.R.D. 538, 539-40 (N.D. Cal. 2005).

After reviewing the docket and the parties' filings, I recommend that this action be

dismissed with prejudice. Plaintiff did not file a notice indicating that he objects to dismissal with prejudice. In his notice of voluntary dismissal, he stated that he did not wish to litigate this matter any further. Further, the incident giving rise to plaintiff's claims are now over six years old, and plaintiff only moved to voluntarily dismiss after defendants filed their renewed motion for summary judgment. Having considered defendants' effort and expense involved in preparing the case for disposition by summary judgment and plaintiff's delay and lack of diligence in seeking the voluntary dismissal, I find that this action should be dismissed with prejudice.

Accordingly, it is hereby RECOMMENDED that:

1. This action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

2. Defendants' motion for summary judgment, ECF No. 68, be denied as moot.

3. The Clerk of Court be directed to close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 26, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE