UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SHEPARD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KELSO, *et al.*,<br><br>　　　　Defendants. | Case No.  2:20-cv-01445-KJM-JDP (PC)<br><br>**ORDER**<br><br>VACATING THE JULY 29, 2024 FINDINGS AND RECOMMENDATIONS<br><br>ECF No. 74<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT THIS ACTION BE DISMISSED WITHOUT PREJUDICE AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE DENIED AS MOOT<br><br>ECF No. 68<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

　　　　Plaintiff, a state inmate proceeding pro se, brought this civil rights complaint against defendants Mohyuddin, Malakkla, and Adams for failing to treat his neuropathy and damaged cornea.  After defendants filed a renewed motion for summary judgment, ECF No. 68, plaintiff moved to voluntarily dismiss this action, ECF No. 69.  Plaintiff explained that he is "no longer interested in litigating this case" and that he is not going to "oppose defendants['] request" for summary judgment.  *Id.* at 1.

　　　　In light of plaintiff's request, I directed defendants to file a notice indicating whether they

would stipulate to dismissal. *See* Fed. R. Civ. P. 41(a)(1)(A); ECF No. 70. Defendants agreed to the dismissal, but only if it was with prejudice. ECF No. 71. Defendants argue that this action should be dismissed with prejudice so that they are not subjected to defending themselves in a new action against the same claims by plaintiff. *Id.* Defendants explain that the allegations are over six years old, and they have actively litigated this action for the past three years, spending over $40,000. *Id*. at 2.

Given defendants' objection, I ordered plaintiff to file a notice within fourteen days as to whether he would stipulate to dismissal with prejudice. ECF No. 72. I explained to him that in the event he refused to stipulate, I may still grant his request for dismissal, and dismiss the action "on terms that the court considers proper." Fed. R. Civ. 41(a)(2). Plaintiff did not file a timely response. After reviewing the docket and the parties' filings, I recommended that this action be dismissed with prejudice.

Plaintiff has now filed an objection to those findings and recommendations. ECF No. 75. In it, he argues that the action should be dismissed without prejudice so that he can refile the complaint at a later date when he will not suffer the same delays associated with his previous counsel. *Id.* at 2.

Rule 41(a)(2) of the Federal Rules of Civil Procedure states that: "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The phrase "terms that the court considers proper" provides district courts the discretion to dismiss with or without prejudice. *See Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002) ("Rule 41 vests the district court with discretion to dismiss an action at the plaintiff's instance 'upon such terms and conditions as the court deems proper.' That broad grant of discretion does not contain a preference for one kind of dismissal or another."). A motion for voluntary dismissal pursuant to Rule 41(a)(2) should be granted unless a defendant can show that it will suffer some plain legal prejudice as a result. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001); *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996) (finding that legal prejudice is prejudice to some legal interest, some legal claim, or some legal argument).

Courts consider the following factors in determining whether dismissal should be with or

without prejudice: "(1) the defendant's effort and expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; and (3) insufficient explanation of the need to dismiss." *Fraley v. Facebook, Inc.*, 2012 WL 893152, at *3 (N.D. Cal. Mar. 13, 2012) (quoting *Burnette v. Godshall*, 828 F. Supp. 1439, 1443-44 (N.D. Cal. 1993) (quoting *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987)).

Having reviewed the record, and in light of plaintiff's recent filing, ECF No. 75, I recommend that this action be dismissed without prejudice. *See* ECF No. 69.

Accordingly, it is hereby ORDERED that the July 29, 2024 findings and recommendations are vacated.

Further, it is hereby RECOMMENDED that:

1. This action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

2. Defendants' motion for summary judgment, ECF No. 68, be denied as moot.

3. The Clerk of Court be directed to close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 9, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3